**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| **Plaintiff,** | : |
|  | :    CASE NO. 2:12-CR-162 |
| vs. | :    CHIEF JUDGE MARBLEY |
| **TONY R. FISHER,** | : |
| **Defendant.** | : |

**DEFENDANT TONY R. FISHER'S REPLY TO**
**GOVERNMENT'S RESPONSE TO HIS MOTION**
**FOR COMPASSIONATE RELEASE**

On April 20, 2020, Tony Fisher sent an email to his BOP case manager seeking the BOP's assistance in seeking compassionate release because of the pandemic. Fisher was informed by his case manager the BOP was not going to be responding to his request. Viewing his written request and the BOP's obstinance as an exhaustion of his administrative remedies, on April 29, 2020, Fisher then availed himself of the court process by filing a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Attached to his motion, as Exhibit A, was Fisher's email to his case manager seeking the BOP's assistance in securing compassionate release.

The government responded to Fisher's motion on May 6, 2020 and maintained that Fisher's motion should be denied for a multitude of reasons, the first being that he failed to exhaust his administrative remedies by waiting for the BOP to formally inform him that his request for assistance was going to be denied. (R. #47, Government Response, PAGE ID #223-25). However, this position is at odds with that staked by the government in *United States v. Campagna*, 2020 WL 1489829 (S.D.N.Y. Mar. 27, 2020). In *Campagna*, the defendant moved the district court for compassionate release after he made a request for the same to the BOP via email. *Id.* at *1. In that

1

case, the government conceded that "Defendant 'appears eligible to seek relief pursuant to § 3582(c)(1)(A) because he has exhausted BOP's internal administrative process with respect to his request.'" *Id.*

During the pandemic, the district courts' approaches to the importance of this exhaustion issue has hardly been uniform. Some district courts have concluded the exhaustion requirements should not apply in a rigid manner. *United States v. Haney*, 2020 U.S. Dist. LEXIS 63971, *8 (S.D.N.Y. April 13, 2020) (noting that "that Congress cannot have intended the 30-day waiting period of § 3582(c)(1)(A) to rigidly apply in the highly unusual situation in which the nation finds itself today."); *United States v. Wen*, 2020 U.S. Dist. LEXIS 64395, *13-14 (W.D.N.Y. Apr. 13, 2020) (pointing out that, "[b]ecause § 3582(c)(1)(A) is a claim processing rule, it is subject to the principles of waiver . . . ."); *United States v. Vaughn*, 2020 U.S. Dist. LEXIS 64882, * 8 (W.D. Ark. Apr. 14, 2020) (stating that, "the Court declines to read this exhaustion or inactivity period as a jurisdictional bar . . . [r]ather, it is very clearly a claim-processing rule . . . ").

In contrast, others have concluded § 3582's exhaustion requirement is jurisdictional and cannot be waived. *United States v. Johnson*, 2020 U.S. Dist. LEXIS 59206, *7-12 (D. Md. Apr. 3, 2020) (denying a petitioner's request for compassionate release based on COVID-19 pandemic, concluding that § 3582(c)(1)(A)'s exhaustion requirement is jurisdictional); *United States v. Epstein*, 2020 WL 1808616, at *5 (D.N.J. Apr. 9, 2020) (noting that, despite the danger presented by COVID-19, district courts cannot waive the exhaustion requirement); *United States v. Zywotko*, 2020 WL 1492900, at *1-2 (M.D. Fla. Mar. 27, 2020) (denying request for compassionate release based on COVID-19 pandemic because petitioner failed to exhaust administrative remedies). At least one circuit court has ruled that the exhaustion requirement presents a "glaring roadblock foreclosing compassionate release . . ." *United States v. Raia,* 2020 WL 164792, *2 (3rd Cir. 2020).

Without expressly stating as such, in *Campagna*, the government treated the exhaustion requirement as a claims processing requirement whereas in Fisher's case, it's being treated as jurisdictional. This is not a distinction without a difference and the Supreme Court recently noted the dichotomy between the two. In *Fort Bend County v. Davis*, ___U.S.___, 139 S.Ct. 1843 (2019), the Court found that:

> If the Legislature clearly states that a [prescription] count[s] as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue[;] [b]ut when Congress does not rank a [prescription] as jurisdictional, courts should treat the restriction as nonjurisdictional in character.

*Id.* at 1850.

Applying the standard articulated in *Fort Bend* to the clear text of § 3582(c)(1)(A), the exhaustion requirement found therein is claims processing in nature, not jurisdictional. This is true because there is no clear statement in the statute that the need to exhaust is jurisdictional. Instead, the statute sets forth the procedure by which either the BOP or the inmate may petition for compassionate release. Importantly, the word jurisdictional doesn't even appear in the text.

Like the defendant in *Campagna*, Tony Fisher substantially complied with the exhaustion requirement by notifying the BOP, by email, of his request for the BOP to seek compassionate release. Getting the bureaucratic stiff arm, as do most inmates, Fisher availed himself of the court process. Consequently, this Court can reach the merits of Fisher's motion seeking compassionate release.

Respectfully submitted,

/s/ Steven S. Nolder
Steven S. Nolder (0037795)
Scott and Nolder Law Firm
65 East State Street, Suite 200
Columbus, Ohio 43215
(614) 221-9790
snolder9@gmail.com
Attorney for Tony R. Fisher

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing document has been electronically served on AUSA Heather Hill this 8th day of May, 2020.

/s/ Steven S. Nolder
Steven S. Nolder (0037795)
Attorney for Tony R. Fisher
