# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : Case No. 2:12-CR-162 |
| Plaintiff, | : |
| | : CHIEF JUDGE ALGENON L. MARBLEY |
| v. | : |
| | : Magistrate Judge Norah McCann King |
| TONY R. FISHER, | : |
| | : |
| Defendant. | |

## OPINION & ORDER

### I.  INTRODUCTION

This matter is before the Court on Defendant Tony R. Fisher's Motion for Sentence Reduction or Compassionate Release. (ECF No. 44). Defendant asks the Court to release him from the custody of the Bureau of Prisons ("BOP") and permit him to serve the remainder of his sentence on home confinement, based on the threat posed by the COVID-19 pandemic at FCI Elkton, where he is currently detained. 18 U.S.C. § 3582(c)(1)(A)(i).

The United States opposes, arguing (1) Mr. Fisher has not exhausted his administrative remedies required by 18 U.S.C. § 3582(c)(1)(A); (2) the BOP is actively evaluating inmates at FCI Elkton for potential home confinement and other relief, and is better positioned than the courts to assess the factors at issue in release determinations; and (3) to the extent the Defendant asks this Court to transition him to home confinement outside the parameters of § 3582(c)(1)(A), this Court lacks the authority to do so. (ECF No. 47).

For the reasons set forth herein, Defendant's Motion is **DENIED WITHOUT PREJUDICE**. (ECF No. 44).

## II.     BACKGROUND

On September 6, 2012, Mr. Fisher entered guilty pleas on Count One, which charged him with coercion or enticement of a minor to engage in illegal sexual conduct, in violation of 18 U.S.C. § 2422(b), and Count One of an Indictment out of the Southern District of Indiana that charged him with Production of Child Pornography in violation of 18 U.S.C. § 2251. (ECF No. 25). The Southern District of Indiana Indictment was transferred to the Southern District of Ohio. (ECF No. 21). The charges against Mr. Fisher arose from an undercover investigation by a Task Force Officer ("TFO") assigned to the Franklin County Internet Crimes Against Children ("ICAC") Task Force. (ECF No. 47). The undercover TFO responded to an ad placed by Mr. Fisher on the Craigslist website, in which the Defendant sought "taboo" and "[y]oung/boys" for sexual activity. (*Id.*). During the subsequent email and text message communications between the Defendant and the undercover TFO, the Defendant discussed sexual activity he engaged in with his thirteen-year-old godson, described pornographic videos he made involving that godson, and made plans to travel from Indiana to Columbus to engage in sex acts with the undercover TFO's fictitious eleven- and fourteen-year-old foster sons. (*Id.*).

On September 7, 2012, Mr. Fisher entered guilty pleas to the indictment and bill of information before Magistrate Judge Norah McCann King, who then filed a report and recommendation in which she recommended the acceptance of the pleas. (ECF No. 25). Judge George C. Smith adopted the report and recommendation on October 4, 2012. (ECF No. 27). On May 29, 2013, Fisher was sentenced to serve 120 months on the attempted enticement charge and 195 months on the child pornography charge, with the sentences running concurrently. (ECF No. 40). Currently, Mr. Fisher is a BOP inmate at FCI Elkton and is set to be released on April 7, 2026. (ECF No. 44).

### III.    LAW & ANALYSIS

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a sentencing court may "reduce the term of imprisonment" of a defendant for "extraordinary and compelling reasons" once the exhaustion requirement or thirty-day waiting requirement has been satisfied. 18 U.S.C. § 3582(c)(1)(A); *Alam*, 960 F.3d at 834. A district court's decision under § 3582(c)(1)(A) will be reviewed for abuse of discretion, and a district court "must supply 'specific factual reasons'" in support of its compassionate release decision. *United States v. Jones*, --- F.3d ----, 2020 WL 6817488, at *10 (6th Cir. Nov. 20, 2020). In *Jones*, the Sixth Circuit clarified the mechanics of compassionate review under 18 U.S.C. § 3582, where an incarcerated person has brought a motion on his own behalf. Prior to this decision, the continued applicability of U.S. Sentencing Guideline § 1B1.13 in compassionate release proceedings brought directly by incarcerated persons had been unresolved. *Id.* at *1. In *Jones*, the Sixth Circuit announced that U.S.S.G. § 1B1.13 is no longer considered an "applicable" policy statement "in cases where incarcerated persons file their own motions in district court for compassionate release." *Id.*

The *Jones* court also clarified that district courts should follow a three-step analysis when considering motions for compassionate release. *Id.* at *6. First, district courts must find whether "extraordinary and compelling reasons warrant" a sentence reduction. *Id*. Second, a court must determine whether the reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id.* Given that the *Jones* court found that U.S.S.G. § 1B1.13 was no longer applicable to motions brought by incarcerated persons on their own behalf, federal district courts may now skip this step in those instances and "have full discretion to define 'extraordinary and compelling' without consulting the policy statement." *Id.* at *9. Third, a court must consider the factors set forth in 18 U.S.C. § 3553(a) and determine whether, in the court's discretion, the

reduction authorized by the statute is "warranted in whole or in part under the particular circumstances of the case." *Id.* at *6 (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

### A. Administrative Exhaustion

After the parties submitted their briefing, the Sixth Circuit clarified the administrative-exhaustion requirement. There, the Court explained that an imprisoned individual may file a motion for compassionate release after: (1) fully exhausting all administrative remedies; *or* (2) thirty days after the warden received the compassionate release request—whichever is earlier. *See id.*; *see also* 18 U.S.C. § 3582(c)(1)(A) (2020).

In his Motion, Mr. Fisher indicates he submitted a formal request for compassionate release or reduction in sentence to the Warden at FCI Elkton on April 20, 2020. (ECF No. 44). The following day, his case manager informed him that the Bureau of Prisons ("BOP") was not going to respond to his request. (*Id.*). He filed his Motion with this Court nine days later, on April 29, 2020. Mr. Fisher seeks compassionate release, but the Government contends, he cannot square that request with the plain terms of the statute.

Mr. Fisher has not met the thirty-day requirement because he waited just nine days after the warden's receipt of his request to file his motion in federal court, not the required thirty days. As the Sixth Circuit put it: "[I]nmates can identify the ongoing public health crisis in their initial petition to their wardens. If that doesn't work, prisoners can pursue administrative review. If that also comes up short (or if 30 days pass), prisoners have the option to go to federal court." *Alam*, 960 F.3d at 836. In other words, under *Alam*, a defendant must receive a denial or wait thirty days after submitting the request.

That leaves one question: Could the case manager's statement that the BOP was not going to respond to his request be construed as a constructive denial, thereby satisfying the

4

administrative-review exhaustion requirement? This Court holds as such. While requests for compassionate release may not freely be made, where, as here, the BOP does not move for an inmate's release, an inmate may do so after the BOP does not. Administratively, there was nothing else for Mr. Fisher to do upon receipt of the case manager's note.

This Court finds that Mr. Fisher has exhausted his administrative requirements upon receipt of the April 29 constructive denial of his request for compassionate release. This Court finds no reason to doubt the veracity of Mr. Fisher's statements, particularly given the heightened urgency the present circumstances pose. Accordingly, this Court finds that Mr. Fisher has fulfilled the administrative exhaustion requirement.

### B. Merits

The remaining factors, however, weigh against compassionate release.

Turning to the merits of the "extraordinary and compelling reasons" for release, Mr. Fisher argues release is proper given that he had lung cancer in 2008, was subject to chemotherapy for about nine months, and that he currently suffers from hypertension, which is being managed with medication. The Government appears to challenge these diagnoses, (ECF No. at 3), since the Probation Officer was unable to obtain documentation of the lung cancer diagnosis or any other medical conditions that Mr. Fisher has reported. This Court, however, is satisfied with the reports and documentation that Mr. Fisher has provided, demonstrating the validity of these serious diagnoses. (ECF No. 36). The Government also responds that the BOP should be afforded deference in making decisions to release inmates and the danger Mr. Fisher poses to the community.

As an initial matter, this Court recognizes the devastating impact of the COVID-19 pandemic and that prison populations are subject to heightened vulnerability. The spread of

COVID-19 in prisons has been well documented, and FCI Elkton has one of the highest infections and death count compared to any other federal prison in the country. With respect to Mr. Fisher's medical conditions, the CDC has indicated that individuals with serious underlying health conditions—including a previous lung-cancer diagnosis and hypertension—are at a higher risk for severe illness from COVID-19.[1] FCI Elkton, where Mr. Fisher currently resides, reports upsetting numbers: five inmates and thirty staff members are currently positive; nine inmates and zero staff have died from COVID-19; and 856 inmates and 56 staff members have recovered.[2] This is the fourth-worst outbreak among federal prisons.[3] These concerns are extremely serious.

The Court must also consider the sentencing factors in § 3553(a), including "'the nature and circumstances of the offense and the history and characteristics of the defendant,' as well as the need for the sentence to facilitate retribution, deterrence, incapacitation, and rehabilitation." *See, e.g.*, *United States v. Torres*, No. 87-CR-593 (SHS), 2020 WL 2815003, at *6 (S.D.N.Y. June 1, 2020) (quoting 18 U.S.C. § 3553(a)(1)-(2)).

Mr. Fisher pled guilty to the Production of Child Pornography in violation of 18 U.S.C. § 2251, and the coercion and enticement of a minor to engage in illegal sexual activity in violation of 18 U.S.C. § 2422(b). (ECF Nos. 21, 25). He also admitted to using the Internet to solicit what he believed to be fourteen- and eleven-year-old boys to engage in illegal sexual activity, traveling from Indiana to Ohio with the plan to engage in such acts, and taking sexually explicit photographs of a fourteen-year-old boy whom he had mentored in Indiana. (ECF No. 47).

Mr. Fisher acknowledges the seriousness of his offenses. He has been in custody for almost eight years and has had no disciplinary issues during his incarceration. (ECF No. 44). He is 42

---

[1] CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html, last accessed 1/25/2021 at 5:00 p.m.
[2] BOP, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus, last accessed 1/25/2021 at 5:00 p.m.
[3] *Id.*

years old and has served roughly 94 months of a 195-month sentence. In its response in opposition, the Government argues that the nature of Mr. Fisher's crime necessarily renders him a danger to the community if released and opposes his Motion for release or a reduction of sentence on that ground. (ECF No. 47).

The Court must consider both the health risk to the individual and the interests served by continued incarceration based on the nature and seriousness of the offense. The Court concludes that the nature of Defendant's crime in this case—attempted sexual violence against minors—is a serious one and finds that the retribution, deterrence, incapacitation, and rehabilitation interests served by the original sentence counsel against early release.

## IV.     CONCLUSION

For these reasons, Mr. Fisher's Motion for Compassionate Release or Reduction in Sentence is **DENIED WITHOUT PREJUDICE**. (ECF No. 44).

**IT IS SO ORDERED.**

                                           **ALGENON L. MARBLEY**
                                           **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  January 28, 2021**

7