IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TONY FISHER, | : | |
| | : | |
| Petitioner, | : | Case No. 2:12-cr-162 |
| | : | Case No. 2:21-cv-1846 |
| v. | : | |
| | : | Chief District Judge Algenon L. Marbley |
| UNITED STATES OF AMERICA, | : | Magistrate Judge Michael R. Merz |
| | : | |
| Respondent. | : | |

**OPINION & ORDER**

This 28 U.S.C. § 2255 proceeding is before the Court on Petitioner Tony Fisher's and Respondent United States of America's Objections (ECF Nos. 64-65) to the Magistrate Judge's Report and Recommendations (ECF No. 62) on Fisher's Motion to Vacate (ECF No. 56.)  For the reasons set forth below, Fisher's Objections are OVERRULED, the United States' Objections are SUSTAINED IN PART AND OVERRULED IN PART, the Report is ADOPTED IN PART AND REJECTED IN PART, and Fisher's § 2255 Motion is DENIED.

**I.      BACKGROUND**

The Report accurately sets forth the factual background and procedural history up to the point of the Report (ECF No. 62, PageID 432-33); the Court incorporates that discussion by reference.  Importantly, while Fisher was charged with production of child pornography in the Southern District of Indiana (where the conduct at issue took place), he consented to transfer the case to this District and was sentenced here (*Id*. at PageID 433 (citation omitted).)  In the Report, the Magistrate Judge noted that it was undisputed that the Motion to Vacate was filed more than seven years after the conviction became final, well beyond the one-year statute of limitations.  (*Id*.

1

at PageID 433-35, quoting 28 U.S.C. 2255(f)(1).)  Fisher argued that he was actually innocent of the crime of producing child pornography, thus excusing the untimely filing.  (*Id*. at PageID 435, citing Motion, ECF No. 56, PageID 368.)  Specifically, "Petitioner argues that in *United States v. Howard*, 968 F.3d 717 (7th Cir. 2020), on facts legally indistinguishable from those pleaded in the Production Charge, the Seventh Circuit decided that the conduct in question did not violate 18 U.S.C. § 2251(a)."  (*Id*.)

> In his Traverse, Fisher cites no authority for the proposition that the law of the transferor circuit applies in deciding a § 2255 motion in the transferee circuit.  Instead he argues that the Sixth Circuit law interpreting 18 U.S.C. § 2251 does not establish that Fisher's conduct violates that statute.  Second, he claims his consent to transfer the case . . . was not the product of a knowing, intelligent, and voluntary relinquishment of a constitutional right.

(*Id*. at PageID 436 (internal quotation marks omitted), citing *Johnson v. Zerbst*, 304 U.S. 458, 467-68 (1938); Traverse, ECF No. 61, PageID 419-20.)  The "United States contests the applicability of *Howard* in the Sixth Circuit, where Fisher pleaded guilty, and asserts Fisher is not actually innocent under Sixth Circuit precedent."  (*Id*. (citation omitted).)

The Magistrate Judge dispensed quickly with the argument that the consent was not knowing, intelligent, and voluntary.  He rejected Fisher's argument that, had he known that a child had to be engaged in conduct for him to be convicted of production of child pornography, he would have gone to trial in the Southern District of Indiana, rather than pleading guilty in the Southern District of Ohio (Report, ECF No. 62, PageID 436-37, citing Affidavit, ECF No. 56-1, PageID 388, ¶¶ 8-10).  The Magistrate Judge rejected Fisher's contention that his "consent to transfer was invalid because it assumes Attorney Weiner was bound as a matter of professional competence to

accurately predict in 2012 what the Seventh Circuit would do in *Howard* eight years later." Thus, consent was knowing, intelligent, and voluntary. (*Id*. at PageID 437.)

In *Howard*, the defendant was convicted on two counts of production of child pornography. The United States Court of Appeals for the Seventh Circuit vacated on the grounds that the alleged production involved Howard's masturbating next to a fully clothed child, which did not meet the standard for child pornography. *Howard*, 968 F.3d at 718. Rather, to support a conviction, there had to be some action undertaken by the child beyond being a mere unwitting prop for Howard's masturbation. *Id*. at 722.

The Magistrate Judge identified two issues that potentially impeded the application of *Howard*. *First*, "[i]f Fisher had been convicted in the court of origin," *i.e.*, the Southern District of Indiana, "would that court apply *Howard* retroactively to a conviction more than seven years old?" (Report, ECF No. 62, PageID 440.) While Fisher argues that *Howard* would apply retroactively, since it narrows the range of conduct punishable under 18 U.S.C. § 2251(a), he fails to account for the fact that "*Howard* in fact does not even bind other panels of the Seventh Circuit." (*Id*., citing *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004); Traverse, ECF No. 61, PageID 423.) *Second*, even assuming *Howard* would apply retroactively, the Seventh Circuit's reasoning has not been adopted elsewhere; indeed, two other Circuits have held that a minor can be "used" in making child pornography even without conscious participation, as is the case with Fisher. (*Id*. at PageID 443, citing *United States v. Lohse*, 797 F.3d 515, 521-22 (8th Cir. 2015); *United States v. Finley*, 726 F.3d 483, 495 (3d Cir. 2013).) The Magistrate Judge concluded that the other circuits' interpretation of "use" was more consistent with legislative intent than was the Seventh Circuit's in *Howard*. Under that former interpretation, Fisher's conduct comes within the meaning of 18

3

U.S.C. § 2251(a); thus, he is not actually innocent, and his motion should be denied as untimely. (*Id*. at PageID 444-45.)  However,

> "The Motion demonstrates that reasonable jurists can disagree on the correct interpretation of 18 U.S.C.§ 2251(a) and Defendant should therefore be granted a certificate of appealability on that question and on the question whether this Court is obliged to apply *Howard* because the offense conduct occurred in the Southern District of Indiana."

(Report, ECF No. 62, PageID 445.)  Fisher objected to the disposition (Pet. Obj., ECF No. 64), while the United States objected to the issuance of a certificate of appealability (Resp. Obj., ECF No. 65.)

## II.     LEGAL STANDARD

"A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . The magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact."  Fed.R.Civ.P. 72(b)(1).  "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy."  Fed.R.Civ.P. 72(b)(2).  "The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed.R.Civ.P. 72(b)(3).  The Court has conducted the required de novo review and this Opinion embodies the results of that review.

4

III.  ANALYSIS

    A.  **Statutory Interpretation and Actual Innocence**

Fisher argues that it does not matter whether the law of the transferor (Seventh Circuit) or transferee (Sixth Circuit) applies, because he is actually innocent under either standard. In addition to the new substantive law in *Howard*, which he argues would apply retroactively, he claims that Sixth Circuit precedent also supports his interpretation of 18 U.S.C. § 2251(a) (Pet. Obj., ECF No. 64, PageID 460.) Fisher cites two Sixth Circuit decisions in support of his argument. *First*, unlike in *United States v. Wright*, in which the Sixth Circuit held that an unaware child was "used" in filming child pornography, there was no sexually explicit content of the minor child by Defendant. (*Id.*, citing *Wright*, 774 F.3d 1085, 1086 (6th Cir. 2014).) *Second*, in *United States v. Lively*, the Sixth Circuit held that a child's passive presence in an image was not enough to constitute child pornography. (*Id.* at PageID 460-61, citing *Lively*, 852 F.3d 549, 558-59 (6th Cir. 2017).)

"The facts of Fisher's production case aren't disputed and involved nine selfies he took depicting his erect penis in his hand, with a fully clothed minor asleep on a couch in the background. None of the images depicted any contact between Fisher and the minor." (Pet. Obj., ECF No. 64, PageID 459.) The facts of this case, Fisher argues, are much closer to that of *Lively* than *Wright*, and support his argument that his conduct did not come within the statutory definition of "use" of a minor. "Consequently, under Sixth Circuit jurisprudence, Fisher demonstrated his actual innocence for the production conviction." (*Id.* at PageID 461.)

Fisher further argues that the Magistrate Judge erred by relying "on the ethereal 'purpose' behind the production statute not articulated in the statute's text." (Pet. Obj., ECF No. 64, PageID 462, quoting *Rodriguez v. United States*, 480 U.S. 522, 525-26 (1987). "There is ample authority that the text of § 2251 is clear." (*Id.* at PageID 463, citing *United States v. Tyson*, 947 F.3d 139, 147 (3d Cir. 2020)). Consequently, "[t]here is no ambiguity in this statute and no need to rely on

5

Congressional purpose or legislative history to divine its meaning. Instead, there must be fidelity to Congress' choice to: limit the first crime to images involving minors engaging in sexually explicit conduct[.]" (*Id*. at PageID 466.) Fisher claims that, had his attorney competently read the statute according to its plain meaning, he would have advised Fisher that he was actually innocent of the production charge, and Fisher would have gone to trial in the Southern District of Indiana, rather than consenting to transfer and pleading guilty in the Southern District of Ohio. (*Id*. at PageID 469.)

The Court can easily dispense of the latter argument. Despite Fisher's argument as to the text's plain meaning, he presents no caselaw available to counsel *at the time of transfer* suggesting that a narrower reading of 18 U.S.C. § 2251 was plausible. Indeed, given the case interpretation set forth by the Magistrate Judge (Report, ECF No. 62, PageID 442-44 (citations omitted)), it would appear that, if anything, Congress intended a broad interpretation. It certainly was not ineffective assistance of counsel to conclude that a broader interpretation would apply.

As to the former argument, Fisher has undersold the extent to which courts have adopted the broad interpretation of the statute. As the Court in *Wright* noted, four other Circuits had already held that a child merely had to be photographed to be considered "used" in child pornography. 774 F.3d at 1090-91, citing *Ortiz-Graulau v. United States*, 756 F.3d 12, 18-19 (1st Cir.2014); *United States v. Engle*, 676 F.3d 405, 419 n.9 (4th Cir.2012); *United States v. Fadl*, 498 F.3d 862, 866 (8th Cir.2007); *United States v. Sirois*, 87 F.3d 34, 41 (2d Cir.1996). The child need not be an active participant in the act; it is enough that the "minor is photographed in order to create pornography." (*Id*. at 1091 (internal quotation marks and citation omitted).) *Wright* adopted this framework. Also, contrary to his argument, *Lively* does not address the "use" element of § 2251(a) at all. Moreover, as the United States correctly notes, the issue of whether the law of the transferor

6

or transferee circuit applies has been consistently resolved in favor of the law of the transferee circuit, albeit in unpublished district court opinions (Resp. Obj., ECF No. 65, PageID 473-74, citing *Descoteaux v. United States*, No. 18-cv-5325BHS, 2019 WL 6251042 (W.D. Wash. Nov. 22, 2019); *United States v. Forte*, No. 3:15-cr-62-SLG, 2019 WL 6137445, at * 1-3 (D. Alaska Nov. 19, 2019); *Schaffner v. United States*, No. 4:10-cr-00370-RBH-1, 2018 WL 3417501 at *2 (D. S.C. July 13, 2018).)  Accordingly, this Court is bound by *Wright* rather than *Howard*, and here, Fisher put a child in view of his camera while he masturbated, thus creating pornography. Thus, under Sixth Circuit law, Fisher is not actually innocent of "using" a minor to produce child pornography.  His untimely filing of his Motion therefore cannot be excused, and the Motion must be dismissed as time-barred.[1]

      **B.**      **Certificate of Appealability**

The United States argues that reasonable jurists could not disagree as to the interpretation of 18 U.S.C. § 2251(a) and whether this Court was bound to apply the law of the transferor circuit; *i.e.*, *Howard*—the two grounds on which the Magistrate Judge recommended a certificate of appealability (Resp. Obj., ECF No. 65, PageID 471, citing Report, ECF No. 62, PageID 445.)  The Government notes that "the Sixth Circuit held that the existence of an intervening change of law from a court of appeals in another circuit does not constitute a basis for demonstrating actual innocence to circumvent the one-year statute of limitations applicable to a motion under § 2255." *Id*. at PageID 471, citing *Phillips v. United States*, 734 F.3d 573, 579, 585 (6th Cir. 2013).  Further, as discussed above, courts have consistently applied the law of the transferee circuit. (*Id*. at PageID

---

[1] On October 12, 2021, Fisher filed a Notice of Supplemental Authority, notifying the Court of *United States v. Sprenger* (Notice, ECF No. 66, PageID 476, citing *Sprenger*, No. 19-2779, ___ F.4th ____, 2021 WL 4592527 (7th Cir. Oct. 6, 2021).)  In *Sprenger*, the Seventh Circuit applied *Howard* in a factually similar situation to hold that a defendant engaging in sexual conduct around clothed, sleeping minors did not constitute the production of child pornography.  2021 WL 4592527, at *3-4.  As this Court is bound to apply *Wright*, rather than *Howard*, the supplemental authority does not alter the Court's decision.

7

473-74.) The Court agrees with the United States that this practice is consistent with the principle that intervening changes of law in other circuits do not apply here, and the fact that Fisher has pointed to no case in which the law of the transferor circuit was applied leads the Court to conclude that reasonable jurists could not disagree as to whether *Howard* applies to this case. Thus, to the extent the Report recommended issuing a certificate of appealability on that issue, it is rejected.

However, even if *Howard* does not apply, the Court's interpretation of 18 U.S.C. § 2251(a) is still subject to reasonable disagreement. As the *Wright* Court noted, several circuits have held that being photographed constitutes "use" under the statute "if [the offender] photographs the minor engaging in sexually explicit conduct to create a visual depiction of such conduct." 774 F.3d at 1091, quoting *United States v. McCloud,* 590 F.3d 560, 566 (8th Cir. 2009); citing *Ortiz-Graulau*, 756 F.3d at 18. However, at least two circuits have held that the "use" "component is fully satisfied for the purposes of the child pornography statute if a child is photographed in order to create pornography[,]" without mentioning any requirement that the child be actively engaged in sexually explicit conduct. *Sirois*, 87 F.3d at 41; *accord*: *United States v. Vanhorn,* 740 F.3d 1166, 1168 (8th Cir. 2014); *Fadl,* 498 F.3d at 866. In sum, there is both a split in interpretation across circuits and within the Eighth Circuit. As reasonable jurists could disagree as to whether a child must be photographed engaging in sexual conduct to satisfy the "use" element of § 2251(a), a certificate of appealability will issue on that issue, and the United States' objection is overruled.

### IV. CONCLUSION

For the foregoing reasons, Fisher's Objections (ECF No. 64) are OVERRULED, and the United States' Objections (ECF No. 65) are SUSTAINED IN PART AND OVERRULED IN PART. The Magistrate Judge's Report and Recommendations (ECF No. 62) is REJECTED as to a certificate of appealability on the applicability of *Howard* and ADOPTED in all other respects.

Fisher's Motion to Vacate (ECF No. 56) is DENIED.  A certificate of appealability will issue as to the question of the meaning of "use" in 18 U.S.C. § 2251(a).

**IT IS SO ORDERED.**

Dated:  November 16, 2021

ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE